# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALEXANDER TOTH

    Plaintiffs,

vs.                                              CASE NO.:

SELECT PORTFOLIO SERVICING,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ALEXANDER TOTH (hereinafter "Plaintiff"), by and through their undersigned counsel, and bring this action against the Defendant, SELECT PORTFOLIO SERVICING (hereinafter "SPS"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA").

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 of Regulation X.

4. The FCCPA prevents debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

5. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

7. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

8. Venue in this District is proper because the property (the "subject property") is located in Orange County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

9. At all times material hereto, SPS was and is a Foreign Profit Corporation with its principal place of business at 3217 S Decker Lake Drive, ATTN: Compliance Dept, Salt Lake City, UT 84119. Defendant is duly licensed to transact business in the State of Florida and lists its registered against as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

10. At all times material hereto, SPS is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiffs' residential property, located at 13038 Lakeshore Grove Drive, Winter Garden, FL 34787 (the "Subject Property").

11. At all times material hereto, Plaintiffs owned and continues to own the Subject Property, which is located in Orange County, Florida.

12. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

13. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

14. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXXX7478.

## BACKGROUND AND GENERAL ALLEGATIONS

15. On or about September 19, 2006, Plaintiffs entered into a promissory note agreement with JPMorgan Chase Bank, N.A. (the "Note") for what they intended to be their primary residence. The Note was secured by a mortgage on the Subject Property (the "Mortgage"). (The "Note" and the "Mortgage" are collectively referred to as the "Loan").

16. On or about August 13, 2018, Plaintiff entered into a Loan Modification with Seterus, Inc. who was servicing the subject loan at that time.

17. The loan modification indicates, and the parties agreed, that the unpaid principal balance of the loan was $217,965.05 as of the effective of the modification. (A copy of the loan modification is found as an attachment to Exhibit "A")

18. The aforementioned loan modification dated August 13, 2018, is executed by both Plaintiff and Defendant's servicing predecessor, Seterus, which is recorded in the public records Orange County, Florida.

19. In or about December 2021, Plaintiff began receiving mortgage statements that state there is a $150,000.00 deferred balance, in addition to the agreed upon principal balance, that not referenced in the most recent loan modification dated August 13, 2018. In fact, there is no mention of a deferred balance at all.

20. Mortgage statements containing this phantom $150,000.00 continue to be sent until this date.

21. SPS has assessed this incredibly large, deferred balance to Plaintiff's mortgage loan in spite of the fully executed loan modification.

22. Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent him in his efforts to get factual information as to what took place to allow SPS to assert that Plaintiff loan should have a deferred balance after the parties executed have executed the August 13, 2018 loan modification.

I.  **The Request for Information and Notice of Error**

23. In furtherance of the efforts to assist Plaintiff, Plaintiff counsel sent a Qualified Written Request in the form of a Request for Information (RFI) and Notice of Error (NOE) to SPS on or about January 6, 2022. (See Exhibit "A")

24. The Qualified Written request was received by SPS on or about January 14, 2022.

25. As the date this lawsuit document SPS still has not corrected the error regarding the deferred principal balance.

26. Plaintiff lives in the subject property is suffering greatly from emotional distress from being billed $150,000.00 that he does not owe.

27. Every day that goes by that SPS fails to correct the error is in another day of suffering from the uncertainty of what is going on with this loan.

28. On or about May 2, 2023, Plaintiff's counsel sent notice and opportunity to cure to Defendant and incurred postage costs for sending that letter. (See Exhibit "B")

29.  Plaintiff worries that the home he lives in will be placed into foreclosure, and SPS's failure to provide the requested information is causing Plaintiff to suffer from stress and anxiety about not knowing what went wrong with his loan and what will happen.

30.  Plaintiff is stuck with no options for his home until this error is corrected.  Given that SPS continues to assert that there is a $150,000.00 deferred balance, he cannot sell the property, refinance the loan, or even apply for a loan modification because SPS has asserted that this phantom deferred balance is still due.

## II.  Requirements After SPS Received Plaintiff's Qualified Written Request

31.  Pursuant to RESPA under 12 C.F.R. §1024.35(e) SPS was required to correct the error and remove the $150,000 from is serving system and to stop sending mortgage statements that assert this phantom principal balance is due.

32.  Exhibit B provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however SPS has still failed to comply.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

33.  Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 32 against the Defendant.

34.  Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>
> \*\*\*\*
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> \*\*\*\*

>> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)

35. Section 1024.35 (Notice of Error) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

36. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

37. SPS's failure to respond to the Notice of Error, and to failure to correct the error, is a violation of federal Regulation X.

38. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

39. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

40. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to correct the error asserted in Exhibit "A". These injuries are also in the form of

postage costs for sending Exhibit B and emotional distress damages as more particularly described herein.

41. In addition, Plaintiff seeks nominal damages for violation of his rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

42. Therefore, Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for failing to respond to the notice of error and for all of the other violations set forth herein.

43. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure (Exhibit B) and (2) emotional distress due to Defendant's failure to respond to and/or correct the error as required by RESPA. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

44. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ALEXANDER TOTH, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) For actual damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER TOTH, hereby demand a trial by jury of all issues so triable.

Date:   May 16, 2023        Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786

*Attorney for Plaintiff*